IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANN ELIZABETH PARKER
as Administrator of the Estate of
Thomas Parker,

   Plaintiff,

    v.

TRUMAN ARNOLD COMPANIES, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3160-TWT

OPINION AND ORDER

In this case, the Plaintiff contends he is owed money due under a contract with the Defendant while the Defendant – the Plaintiff's former employer – contends that the Plaintiff was an at-will employee who was fired for cause and is owed no money. The Plaintiff has not shown that the correspondence from the Defendant established a contract capable of overriding the previously-existing employment arrangement.

I. Background

Thomas Parker served as sales manager for the Atlanta area for Defendant Truman Arnold Companies, Inc. ("Truman") from 1999 until 2009. Truman primarily sells and distributes petroleum products and maintains its headquarters in Texas. In

T:\ORDERS\12\Parker\12cv3160\msjtwt.wpd

the spring of 2009, Truman's vice president of wholesale marketing, John Rettiger, chose to close the Atlanta office. He informed Parker that the office would shut down at the close of the fiscal year, on September 30, 2009.

Rettiger testified that he offered Parker a choice of either agreeing to retire or being terminated when the branch closed. Parker chose to retire. On April 25, 2009, Rettiger sent an email to Parker concerning the arrangement. The email stated:

> Tom,
> I will announce to the company next week, your planned retirement for Sept 30. Like we discussed, we will pay your regular salary and any earned bonus pay through Sept 30. The transition will require a lot if [sic] work and cooperation, and I will rely on you to make it smooth and effective.
> Sincerely,
> John D. Rettiger

(Pl.'s Mot. for Summ. J., Ex. 1). On May 4, 2009, Rettiger sent an email announcing Parker's retirement. (Id. Ex. 2).

In the months that followed, Rettiger became frustrated with Parker's performance. He stated that Parker was no longer appearing at the Atlanta office during regular business hours. He further stated that Truman lost a contract with a large customer due to Parker's poor performance. Following this loss, Rettiger decided to travel to Atlanta on July 27, 2009. When he arrived at the Atlanta office, he could not locate Parker, who was apparently at home instead of in the office. Rettiger then terminated Parker and closed the office. Parker did not receive his salary

through September 30 and did not receive his annual bonus.

Parker filed a two-count complaint in Gwinnett County State Court on August 9, 2012, seeking to recover for breach of contract and to collect attorney's fees. Truman removed the case on September 7, 2012. On April 12, 2013, the Plaintiff filed a motion for summary judgment, arguing that its breach of contract claim is suited for summary judgment. The Defendant opposes the motion.

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

The Plaintiff argues that summary judgment is appropriate because the April 25, 2009, email from Rettiger to Parker establishes a contract requiring Truman to pay Parker through September 30, 2009, including his annual bonus. The Defendant argues that the email did not create an employment contract capable of overriding Parker's at-will employment status. The Court agrees with the Defendant. There are questions of fact as to whether Rettiger and Parker created a new contract and as to whether Parker performed under the contract.

A valid contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter under which the contract can operate." O.C.G.A. § 13-3-1. The parties were capable of contracting and the subject matter of the contract is the Plaintiff's employment through September 30. The Plaintiff asserts that his agreement to retire served as consideration supporting the contract. However, it is unclear if Rettiger assented to an agreement that would override the previous employment agreement between Truman and Parker. Because there is a question of fact with regards to the meeting of the minds between Parker and Rettiger, summary judgment should be denied. See Murphy v. Hosanna Youth Facilities, Inc., 683 F. Supp. 2d 1304, 1312 (N.D. Ga. 2010) (noting that when the circumstances surrounding the making of a contract are

disputed, "the question of whether a party has assented to the contract is generally a matter for the jury.").

Additionally, "[w]here the conditions as to performance of a contract are concurrent, if one party offers to perform and the other refuses to perform, the first shall be discharged from the performance of his part of the contract and may maintain an action against the other." O.C.G.A. § 13-4-22. Here, the April 2009 email stated in part: "Like we discussed, we will pay your regular salary and any earned bonus pay through Sept 30. The transition will require a lot if [sic] work and cooperation, and I will rely on you to make it smooth and effective." These terms indicate that the Defendant expected the Plaintiff to continue working and cooperating with the company while it shut down the Atlanta office. In return, the Plaintiff would receive his salary and bonus through September 30. Assuming that the April 2009 email did create a contract, there is at least an issue of fact as to whether the Plaintiff continued working and cooperating with the company through September 30. According to Rettiger's deposition, the Plaintiff was not regularly at the office during business hours and failed to secure a major contract he was expected to secure. Because there is an issue of fact as to whether the April 2009 email created a new contract between the Plaintiff and the Defendant and because there is an issue of fact as to whether the

Plaintiff performed under that contract, the Plaintiff's motion for summary judgment should be denied.

## IV.  Conclusion

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 28] is DENIED.

SO ORDERED, this 20 day of September, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge